PER CURIAM.
The incident which gave rise to this action was the crash of an aircraft near Savannah, Georgia, on a flight of which the point of departure was Homestead, Florida, and the intended destination was Hickory, North Carolina. The plane was a five-passenger Beechcraft Reg. No. N100DC. The occupants, owner-pilot Richard J. Conley, Ralph C. Jordan and John E. Smith, were killed. Minor children of Jordan, through their mother as next friend, filed a wrongful death action against the executors of the estate of Conley, and Ranger Insurance Company (Conley’s insurer), and (on products liability) against Beech Air Craft Corporation, Bendix Corporation and Skyteel Aviation, Inc., and against Dick Conley Chevrolet, Inc. A similar wrongful death action was filed by the widow of John E. Smith.
*667 Ranger denied coverage, claiming exclusion because of lack of qualification of the pilot and improper operation of the plane, in the circumstances of the flight. Plaintiffs in the Smith action moved for a partial summary judgment as to the limit of coverage per person which was provided for in the policy, contending the $1,000,000 liability limit was available to an individual claimant, as opposed to $100,000 per person as contended by Ranger. Before deciding the disputed question of coverage, the court granted said motion for partial summary judgment, ruling as contended for by the movant. Later, after a non-jury trial on the issues relating to coverage, the court entered an order thereon which included the following findings:
“4. That the Court finds that the insured Dick Conley, was the pilot of the aircraft Beechcraft Baron N-100DC.
5. That the said Dick Conley had effective on the date of the accident a valid and effective pilot licence and medical certificate with an VFR rating.
6. That the said aircraft and pilot were insured by Ranger Insurance Company, policy number AC Al-150567.
7. That paragraph 7 of the Special Provisions Endorsement dated March 25, 1971, is not applicable to this policy.
8. That the denial of coverage by Ranger Insurance Company is based on paragraph 7 of the main policy known as the pilot clause.
9. That the said restriction of the pilot clause as interpreted by this Court, which prohibits a pilot and/or aircraft that was not properly certified for the flight involved to be excluded from coverage, is limited to the conditions at the time of flight.
10. That based on the exhibits and testimony, the pilot, Dick Donley, had the required ratings for the commencement of his flight on May 15,1971, and that the aircraft insured by Ranger Insurance Company was also properly certificated and maintained for said flight.
11. That the subsequent negligence, if any, of the pilot in his continuing flight is not excluded under the pilot clause.”
That order which held in favor of the plaintiffs on the question of coverage, repeated verbatim the holding which had been made earlier with reference to the coverage limits. In a further hearing, the court denied Ranger’s motion for rehearing and made an award of attorney fees in favor of the executors of the estate of Richard J. Conley for services of their attorneys incident to the litigation involving the coverage issues, with provision for payment thereof, and costs, by Ranger.
Appealing therefrom Ranger contends the court erred in the following respects: (1) by granting what in effect was an advisory opinion on the policy limits, before hearing and determining the issues relating to coverage under the policy; (2) by ruling thereon without evidence; (3) in the determination made as to the policy limits; (4) in holding there was coverage under the policy for the flight involved; (5) in refusing to allow expert testimony offered on the issue of coverage; and (6) in making an excessive award of attorney’s fees.
Following argument of the appeal, attorneys for appellees moved this court to delay decision of the appeal for a period because of certain pending settlement negotiations. We granted the motion, with direction to the attorneys for the movant to make a status report thereon to this court by a designated date. Such report was duly filed. It disclosed that settlement was made on the Smith case, making the appeal moot as to that party. Accordingly the appeal is dismissed as to the Smith plaintiff-appellee.
The report further showed that the matter of the amount of attorney’s fees to be paid by Ranger to the Conley executors was settled, and that Ranger had agreed to defend the Conley executors in the Jordan action.
By reason of those disclosures, there remains for consideration on this appeal only the questions relating to the rulings of the trial court on coverage and coverage limits as the same may be applicable in the Jordan case.
*668 The contention of the appellant that it was error to rule on the policy limits before ruling on the question of coverage is without merit, since that earlier ruling was repeated in and made a part of the order entered after trial on the coverage issue. We also find to be without merit appellant’s contention the court erred in holding that under the facts and circumstances of the ill-fated flight the coverage of the policy was applicable. That ruling of the trial court has the support of competent, substantial evidence in the record. However, we are impelled to disagree with the ruling of the trial court on the policy limits. On reading the applicable provisions of the Ranger policy we observe no ambiguity therein which would justify or require a holding that the policy limit of $1,000,000 was applicable to any passenger. The policy provided for $100,000 limit per person. We so hold, reversing the different ruling thereon of the trial court. No useful purpose would be served by quoting at length the pertinent policy provisions and further discussion thereof.
The judgment appealed from is affirmed in part and reversed in part, as and in the respects hereinabove specified, and the cause is remanded for further proceedings.